UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARNEE SHERMAN,  
    Plaintiff,

vs.

EXPERIAN, et al.,  
    Defendants.

Case No. 1:21-cv-486  
Black, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, brings this action against defendants seeking "Mental Anguish damages, Damages for economic loss, and punitive damage[s]." (Doc. 4). As best the Court can discern, it appears that plaintiff alleges defendants failed to remove "a collection (Portfolio Recovery) and its negative remarks . . . from [her] account." (*Id*.). Plaintiff further alleges that "[a]s a result of this error on [her] credit report [she] has been unable to obtain the essential things needed for" herself and her family. (*Id*.). Plaintiff, however, alleges no specific cause of action against any defendant.

On July 28, 2021, defendants Experian and Equifax[1] filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 7, 8). Under the Local Rules of this Court, plaintiff had 21 days to file a response in opposition to defendants' motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Plaintiff failed to file a response within this deadline, and on September 15, 2021, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 11). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id*.). To date, more

---

[1] Defendants Experian and Equifax inform the Court they were incorrectly named in the complaint and therefore refer to themselves as "Experian Information Solutions, Inc. (Experian)" and "Equifax Information Services LLC (Equifax)." (Doc. 7 at PAGEID 29; Doc. 8 at PAGEID 32).

than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to Show Cause (Doc. 11) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/6/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARNEE SHERMAN,                   Case No. 1:21-cv-486
    Plaintiff,                             Black, J.
                                               Litkovitz, M.J.

    vs.

EXPERIAN, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).